**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Diane Michelle Bailey,

Plaintiff,

v.

Ethicon Incorporated, et al.,

Defendants.

No. CV-20-00457-TUC-JAS (LCK)

**ORDER**

Pending before the Court is a Report and Recommendation issued by United States Magistrate Judge Lynnette Kimmins. The Report and Recommendation recommends GRANTING Defendants' Motion for Partial Summary Judgment in part as to Counts II, IV, XI, XII, and XV, and DENYING in part as to Counts I (to the extent based on a failure to warn), III, VI, VII, IX, X, XIII, and XIV (Doc. 55). The Report and Recommendation further recommends that the District Court enter an order GRANTING Defendants' Supplemental Motion for Summary Judgment in part as to Counts I (to the extent based on design defect), and V, and DENYING in part as to Counts XVII and XVIII (Doc. 117). Defendants filed objections to the Report and Recommendation.[1]

As a threshold matter, as to any new evidence, arguments, and issues that were not timely and properly raised before United States Magistrate Judge Kimmins, the Court exercises its discretion to not consider those matters and considers them waived. *United States v. Howell*, 231 F.3d 615, 621-623 (9th Cir. 2000) ("[A] district court has discretion,

[1] Unless otherwise noted by the Court, internal quotes and citations have been omitted when citing authority throughout this Order.

but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation . . . [I]n making a decision on whether to consider newly offered evidence, the district court must . . . exercise its discretion . . . [I]n providing for a *de novo* determination rather than *de novo* hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate judge's proposed findings and recommendations . . . The magistrate judge system was designed to alleviate the workload of district courts . . . To require a district court to consider evidence not previously presented to the magistrate judge would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court. Systemic efficiencies would be frustrated and the magistrate judge's role reduced to that of a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round . . . Equally important, requiring the district court to hear evidence not previously presented to the magistrate judge might encourage sandbagging. [I]t would be fundamentally unfair to permit a litigant to set its case in motion before the magistrate, wait to see which way the wind was blowing, and—having received an unfavorable recommendation—shift gears before the district judge."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1122 (9th Cir. 2003) ("Finally, it merits re-emphasis that the underlying purpose of the Federal Magistrates Act is to improve the effective administration of justice.").[2]

As to the objections filed by Defendants, the Court has conducted a *de novo* review of the record. *See* 28 U.S.C. § 636(b)(1)(C) ("Within fourteen days after being served with [the Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the

[2] Assuming, *arguendo*, that such matters were not subject to waiver, the Court (in the alternative) has nonetheless conducted a *de novo* review, and upon review of the record and authority herein, rejects these issues and adopts the Report and Recommendation in its entirety.

magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.").

In addition to reviewing the Report and Recommendation and any objections and responsive briefing thereto, the Court's *de novo* review of the record includes review of the record and authority before United States Magistrate Judge Kimmins which led to the Report and Recommendation in this case.

Upon *de novo* review of the record and authority herein, the Court finds Defendant's objections to be without merit, rejects those objections, and adopts United States Magistrate Judge Kimmins Report and Recommendation in its entirety. *See, e.g., United States v. Rodriguez*, 888 F.2d 519, 522 (7th Cir. 1989) ("Rodriguez is entitled by statute to *de novo* review of the subject. Under *Raddatz* [447 U.S. 667 (1980)] the court may provide this on the record compiled by the magistrate. Rodriguez treats adoption of the magistrate's report as a sign that he has not received his due. Yet we see no reason to infer abdication from adoption. On occasion this court affirms a judgment on the basis of the district court's opinion. Affirming by adoption does not imply that we have neglected our duties; it means, rather, that after independent review we came to the same conclusions as the district judge for the reasons that judge gave, rendering further explanation otiose. When the district judge, after reviewing the record in the light of the objections to the report, reaches the magistrate's conclusions for the magistrate's reasons, it makes sense to adopt the report, sparing everyone another round of paper."); *Bratcher v. Bray-Doyle Independent School Dist. No. 42 of Stephens County, Okl.*, 8 F.3d 722, 724 (10th Cir. 1993) ("*De novo* review is statutorily and constitutionally required when written objections to a magistrate's report are timely filed with the district court . . . The district court's duty in this regard is satisfied only by considering the actual testimony [or other relevant evidence in the record], and not by merely reviewing the magistrate's report and recommendations . . . On the other hand, we presume the district court knew of these requirements, so the express references to *de novo* review in its order must be taken to mean it properly considered the pertinent portions of the record, absent some clear indication otherwise . . . Plaintiff contends . . . the district

court's [terse] order indicates the exercise of less than *de novo* review . . . [However,] brevity does not warrant look[ing] behind a district court's express statement that it engaged in a *de novo* review of the record."); *Murphy v. International Business Machines Corp.*, 23 F.3d 719, 722 (2nd Cir. 1994) ("We . . . reject Murphy's procedural challenges to the granting of summary judgment . . . Murphy's contention that the district judge did not properly consider her objections to the magistrate judge's report . . . lacks merit. The judge's brief order mentioned that objections had been made and overruled. We do not construe the brevity of the order as an indication that the objections were not given due consideration, especially in light of the correctness of that report and the evident lack of merit in Murphy's objections."); *Gonzales-Perez v. Harper*, 241 F.3d 633 (8th Cir. 2001) ("When a party timely objects to a magistrate judge's report and recommendation, the district court is required to make a *de novo* review of the record related to the objections, which requires more than merely reviewing the report and recommendation . . . This court presumes that the district court properly performs its review and will affirm the district court's approval of the magistrate's recommendation absent evidence to the contrary . . . The burden is on the challenger to make a *prima facie* case that *de novo* review was not had."); *Brunig v. Clark*, 560 F.3d 292, 295 (5th Cir. 2009) ("Brunig also claims that the district court judge did not review the magistrate's report *de novo* . . . There is no evidence that the district court did not conduct a *de novo* review. Without any evidence to the contrary . . . we will not assume that the district court did not conduct the proper review.").[3]

---

[3] *See also Pinkston v. Madry*, 440 F.3d 879, 893-894 (7th Cir. 2006) (the district court's assurance, in a written order, that the court has complied with the *de novo* review requirements of the statute in reviewing the magistrate judge's proposed findings and recommendation is sufficient, in all but the most extraordinary of cases, to resist assault on appeal; emphasizing that "[i]t is clear that Pinkston's argument in this regard is nothing more than a collateral attack on the magistrate's reasoning, masquerading as an assault on the district court's entirely acceptable decision to adopt the magistrate's opinion . . ."); *Garcia v. City of Albuquerque*, 232 F.3d 760 (10th Cir. 2000) ("The district court's order is terse . . . However, neither 28 U.S.C. § 636(b)(1) nor Fed.R.Civ.P. 72(b) requires the district court to make any specific findings; the district court must merely conduct a *de novo* review of the record . . . It is common practice among district judges . . . to [issue a terse order stating that it conducted a *de novo* review as to objections] . . . and adopt the magistrate judges' recommended dispositions when they find that magistrate judges have dealt with the issues fully and accurately and that they could add little of value to that analysis. We cannot interpret the district court's [terse] statement as establishing that it failed to perform the required *de novo* review . . . We hold that although the district court's

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED as follows:

(1) United States Magistrate Judge Kimmins's Report and Recommendation is accepted and adopted in its entirety.

(2) Defendants' objections are rejected.

Defendants' Motion for Partial Summary Judgment is GRANTED in part as to Counts II, IV, XI, XII, and XV, and DENIED in part as to Counts I (to the extent based on a failure to warn), III, VI, VII, IX, X, XIII, and XIV (Doc. 55). Defendants' Supplemental Motion for Summary Judgment is GRANTED in part as to Counts I (to the extent based on design defect), and V, and DENIED in part as to Counts XVII and XVIII (Doc. 117).

Dated this 14th day of September, 2021.

Honorable James A. Soto
United States District Judge

---

decision is terse, this is insufficient to demonstrate that the court failed to review the magistrate's recommendation *de novo*."); *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995) ("The district court is required to conduct a *de novo* determination of those portions of the magistrate judge's report and recommendations to which objections have been filed. But this *de novo* determination is not the same as a *de novo* hearing . . . [I]f following a review of the record the district court is satisfied with the magistrate judge's findings and recommendations it may in its discretion treat those findings and recommendations as its own.")